# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIEWIT INFRASTRUCTURE WEST CO., <br><br> Plaintiff, <br><br> v. <br><br> L.L.O. INC. DBA ACME ELECTRIC, ET AL., <br><br> Defendants. | Case No. 2:20-cv-00493-RFB-DJA <br><br> **ORDER** |

This matter is before the Court on Plaintiff Kiewit Infrastructure West Co.'s Motions to Compel (ECF Nos. 44-46), filed on February 1 and 9, 2021.  Kiewit also filed an Errata to Motion ECF No. 46 (ECF No. 49) on February 18, 2021.  Defendants L.L.O. Inc. dba ACME Electric and TAB Contractors, Inc. filed Responses (ECF Nos. 47-48 and 52) on February 16 and 23, 2021.  Kiewit filed Replies (ECF Nos. 50-51 and 54) on February 23, 2021 and March 2, 2021.  In addition, ACME and TAB filed a Motion to File a Sur-Reply to the Motion to Compel ECF No. 44 (ECF No. 55) on March 11, 2021.  The Court finds these matters appropriate resolved without a hearing.  LR 78-1.

**I.    BACKGROUND**

This action involves claims between Kiewit and subcontractors ACME and TAB related to the construction of Project Neon – the largest public works project in the history of Nevada. Here, Kiewit seeks to compel supplemental responses to its first set of interrogatories, which were served on August 31, 2020.  (ECF No. 44).  ACME and TAB served their responses on October 27, 2020.  The parties met and conferred on the alleged deficiencies via letters dated November 11, 2020 and December 7, 2020.  Subsequently, counsel met and conferred via a telephonic conference on December 10, 2020.  Kiewit followed up via email on December 17, 2020.

Essentially, Kiewit contends that ACME and Tab may not simply direct Kiewit to the entirety of their documents disclosed – totalling 145,226 documents – pursuant to Fed.R.Civ.P. 33(d) because interrogatories require more specific answers identifying information and specific documents. Further, Kiewit contends that ACME and TAB's failure to utilize different bates-stamp prefixes prevents Kiewit from identifying which documents are being relied upon for each Defendant as there are different claims and defenses at issue for each Defendant. Additionally, Kiewit argues that ACME and TAB improperly rely on their argument that it is too early in discovery to answer interrogatories as they are awaiting documents from Kiewit. As such, Kiewit seeks over $15,000 in attorneys' fees for having to bring the instant Motion.

Similarly, Kiewit files a separate Motion to Compel that targets ACME and TAB's joint bates-stamp utilization of ACMETAB_ESI and requests a court order compelling them to utilize a different bates prefix or alternatively, identify the documents they are relying on separately. (ECF No. 45). Kiewit indicates that the joint bates-stamp was utilized for ACME and TAB's disclosures in their First Supplement and Second Supplemental to their Initial Disclosures and also in their responses to Kiewit's Interrogatory requests (as previously discussed above). Ultimately, Kiewit contends that the joint bates-stamp is a problem because it is unable to distinguish the documents relied on by ACME as opposed to TAB. Again, Kiewit seeks attorney fees of $8,700 for having to bring the instant Motion.

Finally, Kiewit also seeks an order to compel supplemental responses to its second set of interrogatories or deem the matters in the disputed requests for admissions (a total of six), which prompted Kiewit to serve the second set of interrogatories, to be admitted. (ECF No. 46). The requests for admissions were served on September 1, 2020 by Kiewit to ACME. ACME responded on October 27, 2020 and denied every request for admission. Subsequently, Kiewit served its second set of interrogatories to ACME on October 29, 2020. ACME responded on December 7, 2020. Kiewit contends that the denials are improper under Rule 36 because they are based on a fake dispute about the terminology used in ACME's subcontract with Kiewit for Project Neon, inability to recall specific events, and irrelevant matters. Again, the meet and confer process started on December 17, 2020 and continued with a response letter on January 14,

2021. The parties conducted a telephonic conference on January 22, 2021 and were unable to resolve the dispute. As a result, Kiewit seeks a third set of attorneys fees of $8,070 for having to bring the instant Motion.

In response, ACME and TAB contend that they informed Kiewit they were going to supplement their responses to the first set of interrogatories, they stand by their reliance on Rule 33(d) for two interrogatories, and their responses to the six contented interrogatories should remain until after expert disclosures are complete. (ECF No. 47). ACME and TAB emphasize that they need additional time to produce comprehensive responses to the interrogatories and the RFAs were served only a month into discovery. Additionally, they served supplemental responses to the first set of interrogatories on March 11, 2021 – and seek Court permission to file a sur-reply such that the Court can consider that development. (ECF No. 55).

ACME and TAB underscore that the extent of the ESI involved in this case is vast; as of February 16, 2021, they have produced approximately 190,000 documents totaling 600,000 pages and have an additional 40,000 documents to be produced next. This case encompasses millions of pages of potentially responsive documents. ACME and TAB also argue that they are entitled to utilize one bates-stamp prefix for their disclosures as long as they separately designate documents they are relying on, which they did. (ECF No. 48). Further, ACME and TAB note that they are permitted to rely on documents within other parties' disclosures if those documents support their defense. They also claim that the documents they have produced have all complied with the ESI Protocol such that the metadata has been preserved. ACME and TAB request attorney's fees for having to respond to this dispute.

ACME also responds that contrary to Kiewit's characterization, ACME complied with its obligation under Rule 36 to respond to the RFAs, but could not fully do so without a definition for ITS Devices. (ECF No. 52). ACME contends that it is willing to supplement if Kiewit can define the ambiguous terms. It notes that the term of ITS Devices was used on the Neon Project, but at different times and in different contexts. So, Kiewit's refusal to provide one definition for ACME to rely on has stalled out this dispute. ACME also sets forth its basis for each

interrogatory response and stands by its responses to the second set of interrogatories served by Kiewit.

Kiewit replies that this dispute is not about the ESI Protocol, but rather, about the fact that ACME and TAB want Kiewit to wait to get supplemental responses until discovery is further along. (ECF No. 50). Also, Kiewit insists it is not contesting the bates labeling alone; it just cannot determine which documents support ACME and TAB's separate claims. (ECF No. 51). Kiewit further claims that ACME is not justified in its denials of the contented RFAs. (ECF No. 54).

## II.     DISCUSSION

Preliminarily, the Court cautions Kiewit to ensure it carefully abides by the Local Rules and specifically, the page limitations on motion briefing and setting out the text of the disputed discovery within the Motion itself. Most importantly to the Court is that it receives clear and concise briefing. It does not need three motions that take issue with related discovery issues when one would have sufficed. In fact, Motion ECF No. 44 totaled 243 pages, Motion ECF No. 45 totaled 310 pages, and Motion ECF No. 46 totaled 134 pages. That is clearly excessive given the issues presented for Court intervention were straightforward and simple.

As for the substance of the Motions to Compel, Kiewit prematurely brings this dispute to the Court. Compelling ACME and TAB to supplement their written discovery responses at this point in the discovery process is unnecessary. Indeed, Kiewit has ample opportunity to utilize the remainder of the discovery process – and other discovery devices such as depositions – to obtain the answers it claims are necessary. Further, it appears as though Kiewit did not give the meet and confer process a good faith amount of time to complete as ACME and TAB indicate their willingness to work on supplementing based on the alleged deficiencies. ACME and TAB then did actually supplement their responses to Kiewit's set one of interrogatories on March 11, 2021. They sought leave of the Court to file a sur-reply to inform the Court of that development and the Court finds it is appropriate to grant filing that as it directly impacts this dispute. As a result of the supplements being served, the Court finds that Kiewit's challenge to ACME and TAB's original responses is now moot. It will deny Kiewit's request to compel supplemental responses

to its first set of interrogatories on that basis without prejudice. To the extent that Kiewit believes that the supplemental responses still do not cure the deficiencies alleged in the original responses, then the Court orders Kiewit to conduct a sincere, good faith meet and confer and permit that process to fully complete prior to seeking any court intervention.

As for Kiewit's request that ACME and TAB be ordered to utilize different bates-stamp prefix, the Court finds it to be unnecessary at this time. As ACME and TAB represent, this case involves potentially millions of pages of potentially responsive documents. The burden to separately bates-stamp is not proportionate to the needs of this case. Rather, this is the type of case that counsel must work together to streamline the ESI production and cooperate on the most efficient and proportionate production of documents. Moreover, like the Court already noted, Kiewit has numerous other discovery devices to utilize if there are in fact any differences in evidence relied on by ACME and TAB for their claims and defenses. The Court also finds ACME and TAB's representations that the metadata has been preserved to be credible. Kiewit needs to pay careful attention to the specific circumstances at issue here. The Subcontractors are owned by the same parent company, their emails are hosted on the same server, and Kiewit did not communicate with them as if they were separate contractors. Finally, ACME and TAB have the affirmative burden to supplement their disclosures under Rule 26(e) with any documents they seek to utilize at trial in their defense; as they point out, they are entitled to rely on other parties' documents if they find them useful for their defense. Accordingly, the Court will deny Kiewit's request to compel utilization of a different bates-stamp prefix or alternatively, better identify the documents. Given the parties' respective positions on this dispute, the Court finds that it is not substantially justified to award either side attorney's fees on this Motion.

Finally, Kiewit's request to compel supplemental responses for its second set of interrogatories similarly suffers from the same fatal flaw as its request for the first set of interrogatories. It is not ripe for Court consideration and Kiewit has other discovery devices to inquire further into the objections and responses it claims are deficient. The linchpin of the dispute revolves around the definition of ITS Devices and the Court finds that Kiewit failed to fully meet and confer to provide ACME with a specific definition of that term.

Further, deeming the six RFAs to be admitted is not appropriate given the stage of the litigation. Serving RFAs this early into the case – especially when ACME indicates it needs expert discovery and a vast number of documents have to be evaluated and potentially disclosed – lends itself to less robust answers than if Kiewit had waited until prior to the close of discovery. The Court again finds it is not substantially justified to award either side attorney's fees on this final Motion and that no supplementation is necessary to be ordered on the second set of interrogatories or RFAs at this point.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel (ECF No. 44) is **denied without prejudice**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (ECF No. 45) is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (ECF No. 46) is **denied without prejudice**.

IT IS FURTHER ORDERED that Defendants' Motion to File a Sur-Reply to the Motion to Compel ECF No. 44 (ECF No. 55) is **granted**.

DATED: March 15, 2021.

DANIEL J. ALBREGTS  
UNITED STATES MAGISTRATE JUDGE